## HUNT *v.* MERCANTILE INS. CO.

*(Circuit Court, E. D. Missouri. November 17, 1884.)*

1. FIRE INSURANCE—AGENCY—HUSBAND AND WIFE—PRESUMPTIONS.
   Insurance taken out by a husband in his own name upon sole and separate property of his wife, is to be presumed to have been procured by him as her agent and for her benefit.

2. SAME—INTEREST.
   Where a company's policies provide that "any interest in property insured not absolute, or that is less than a perfect title, must be especially represented to the company and expressed in this policy in writing, otherwise the insurance shall be void," it is the duty of the agent who makes the contract in behalf of the company, if he knows that the property upon which insurance is desired belongs to the applicant's wife, to state that fact in the policy, and if he fails to do so the policy will not be invalid on that account.

3. SAME—PARTIES.
   A husband who has taken out insurance as his wife's agent upon her property in his own name may sue in his own name for her benefit in case of loss.

4. SAME—JUDGMENTS—ESTOPPEL.
   Where a husband insured property in his own name, part of which belonged to him and part to his wife, and after a loss a creditor of his obtained judgment against him and garnished the insurance company and obtained judgment for the amount of the husband's loss, *held*, that the judgment in the garnishment proceedings did not estop the husband from suing the company in his own name for the amount due his wife.

At Law.

Suit upon a policy of insurance, taken out by the plaintiff in his own name, upon a building and contents. The contents belonged to the plaintiff, but the building was the sole and separate estate of his wife. Building and contents having been destroyed by fire, this

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

suit was brought to recover $500, the amount of insurance upon the former. The defendant sets up as matters of defense—

(1) That said building was used at the time it was insured as a tobacco manufactory, and was insured as such; that said policy provides that if any building therein described should become vacant or unoccupied for the purpose indicated in the policy, then the policy should become void, unless consent in writing should be indorsed by the insurer upon said policy; and that without any such consent being given said property was allowed to remain vacant and unused for the purposes indicated in the policy for the period of thirty days prior to its destruction by fire. (2) That said building was the sole and separate property of plaintiff's wife, and that fact not having been expressed in the policy as therein required, the policy was on that account void. (3) That subsequent to said loss the Mercantile National Bank had recovered a judgment in this court against plaintiff for the sum of $7,469.60, and had execution issued, and summoned the defendant herein as garnishee; that defendant duly answered the interrogatories filed in said proceedings, denying any indebtedness to plaintiff, and alleging in its said answer the same facts as defenses for non-indebtedness to the plaintiff herein upon said policy as are pleaded in this suit; that the same issues were made up in said garnishment proceedings, on a denial of said answer, and the reply to said denial, that are presented in this suit, and upon a trial of said issues, the plaintiff herein, being a party, cross-examined the witnesses introduced, and that the court determined all of said issues in favor of defendant, except as to $500, the amount of insurance mentioned in said policy of insurance as being upon the personal property described therein, which amount of money the court determined to be in the hands of defendant as garnishee, and to be due plaintiff; that said sum was paid to said 'bank; and that, by reason of the premises, the plaintiff herein has no further cause of action, because the issues in reference to such other claim and demand have all been determined by this court in favor of defendant, and are *res adjudicata.*

The plaintiff, by his reply, admits that said building belonged to his wife, but alleges that the insurance thereon, though taken out in his name, was so taken out by him as her authorized agent, and for her benefit, and that said insurance company knew that said property belonged to plaintiff's wife, and that he was acting as her agent in obtaining said insurance when it issued its policy; and that it was the duty of said company's agent, and not of plaintiff, to see to the expression of the true ownership of said property in said policy.

The reply closed with a general denial of the averments of the answer not expressly admitted.

The case was tried by the court without a jury.

Evidence was introduced at the trial tending to prove that plaintiff acted as his wife's agent in taking out said policy on said building, and that defendant's agent, who issued the policy, knew, at the time the contract of insurance was made, that said building belonged to the plaintiff's wife, he having, as the agent of another company, previously issued a policy upon the same property in the wife's name, and that he thereafter renewed both policies,—one in the wife's name, and the other in the name of the husband.

On November 1, 1884, the court delivered the following opinion:

"TREAT, J. There are three contested points in this case: *First*, whether the building was destroyed by fire during non-occupancy, within the meaning of the policy. Without analyzing the testimony it must suffice to state that under the facts the loss was not avoided by the then condition of the premises. *Second*, the defendant relies upon the following condition in the policy, to-wit: "Any interest in property insured not absolute, or that is less than a perfect title, or in case of a building standing on leased ground, or on land held under contract only, must be especially represented to the company, and expressed in this policy in writing, otherwise the insurance shall be void." If it were necessary to determine the questions connected with this allegation in the light of the dealings between the parties, and the knowledge of defendant of the relationship of the assured to the property, important questions would have to be determined. The briefs of the counsel are mainly directed to this proposition. *Third*, a partial payment and estoppel by a prior adjudication are not controverted by the pleadings. The court has examined the pleadings and record, and reached the conclusion that the plaintiff is estopped, as the answer avers. See *Cromwell* v. *County of Sac*, 94 U. S. 351. Judgment is therefore ordered for the defendant."

The plaintiff thereupon moved for a new trial upon the ground that "the facts pleaded by defendant in its answer as an estoppel upon plaintiff were controverted by the plaintiff's reply to said answer, and defendant offered no evidence at the trial to prove said facts," and that the plea of estoppel had been abandoned by the defendant, and the evidence did not sustain the judgment. In his brief the plaintiff called the court's attention to the fact that in the proceedings in the case of *Merchants' National Bank* v. *Mercantile Insurance Co.* the court had found that the defendant herein was liable for the amount written upon the personalty covered by the property, viz., $500, but had held that a creditor of the plaintiff herein could not recover the $500 written upon the realty because the latter fund did not belong to plaintiff, but to his wife, if any one, and could only be recovered, if at all, in a suit for her benefit, and that this suit had been instituted by plaintiff for the benefit of his wife.

*Hiram J. Grover*, for plaintiff.

*Krum & Jonas*, for defendant.

The motion for a new trial having been argued, the court (per TREAT, J.[1]) reversed its former ruling in favor of the defendant, and held for the plaintiff upon all the three points mentioned in its former opinion, and gave judgment accordingly.

[1] His opinion was oral.